**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN NICHOLSON, | ) | CASE NO.: |
| 43313 Riverside Drive | ) | |
| Hollywood, MD 20636 | ) | JUDGE: |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| - vs - | ) | **TYPE:     UNDERINSURED** |
| | ) | **MOTORIST COVERAGE/** |
| ARTISAN AND TRUCKERS | ) | **DECLARATORY ACTION** |
| CASUALTY COMPANY | ) | |
| 6300 Wilson Mills Road | ) | **DEMAND FOR JURY TRIAL** |
| Mayfield Village, OH 44143 | ) | |
| | ) | |
| Defendant. | ) | |

**COUNT I**
**(Declaratory Relief)**

1. Plaintiff Steven Nicholson is domiciled in the City of Hollywood, St. Mary's County, Maryland, and is therefore a citizen of Maryland.

2. Defendant Artisan and Truckers Casualty Company, a subsidiary of Progressive Insurance, (hereinafter "Artisan") is a corporation having its principal place of business located in Cuyahoga County, Ohio, and is therefore a citizen of Ohio.

3. Plaintiff brings this action pursuant to 28 U.S.C. § 1332(a)(1) as Plaintiff Nicholson (Maryland) and the Defendant Artisan (Ohio) are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds the amount of seventy-five thousand dollars ($75,000.00).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant Artisan resides in Cuyahoga County, Ohio.

5. On or about July 27, 2015, Plaintiff Steven Nicholson was involved in a serious motor vehicle collision, when a tortfeasor negligently failed to yield while making a left hand turn, resulting in a head-on collision with the Plaintiff's vehicle.

6. The tortfeasor received a traffic citation for failure to yield the "Right of Way When Turning Left."

7. The tortfeasor's conduct violated the traffic laws of the State of Ohio, and constitutes negligence *per se*.

8. As a direct and proximate result of the tortfeasor's negligence, Plaintiff Nicholson has been forced to suffer various immediate, objective, demonstrable, serious injuries and damages, including physical injury, permanent injury, corrective surgeries, the necessity of surgically implanted hardware, permanent and substantial physical deformity, medical bills, loss of earnings and earning capacity, limitations of: vocational abilities, household chores, activities of daily living and recreational endeavors, interruption of sleep, property damage, travel expenditures for treatment and other travel related to the tortfeasor's negligence, and those components of damages commonly referred to and described in the law as pain and suffering, mental anguish, loss or impairment of the enjoyment of life, and loss or impairment of the ability to perform the usual activities of life, both basic and hedonic.

9. The tortfeasor's automobile liability insurer (Progressive) ultimately offered their total liability limits in exchange for a complete release of the tortfeasor.

10. This Progressive Insurance/tortfeasor "policy limit offer" offer was relayed to Defendant Artisan, pursuant to the contractual obligation placed upon the Plaintiff by the contract of insurance between Plaintiff and Artisan.

11. The communication of the "policy limit offer" was contractually required to obtain Artisan's consent to enter into a settlement with the tortfeasor.

12. Attached hereto as "Exhibit A" is a certified copy of the Artisan (Progressive) Ohio Commercial contract of insurance at issue herein.

13. Artisan performed their due diligence in investigating the "policy limit offer," and ultimately provided their consent to the Plaintiff to accept the "policy limit offer" from the tortfeasor.

14. With Artisan's consent, Plaintiff accepted the tortfeasor's "policy limit offer," and pursuant to that "policy limit offer" and consent from Artisan, Plaintiff executed a full release as to the tortfeasor.

15. The underlying tort action is completely resolved leaving the contractual issues under the policy at issue.

16. Plaintiff was not fully compensated nor was he made whole by the "policy limit" payment by the tortfeasor's insurer.

17. At the time of the underlying collision, Plaintiff Nicholson was covered as the named insured under the Artisan "OHIO COMMERCIAL AUTO FORMS" attached hereto as Exhibit A.

18. This insurance contract provides for uninsured/underinsured motorist coverage and medical payment coverage through Defendant Artisan.

19. Per the contractual language of the "UNINSURED/UNDERINSURED MOTORIST COVERAGE ENDORSEMENT," the Plaintiff is entitled to the full amount of his damages, up to the policy limits. (See Exhibit A, p.33).

20. Plaintiff Nicholson's bodily injuries were caused by the collision arising out of the tortfeasor's negligent operation, maintenance and use of the motor vehicle the tortfeasor was driving on July 27, 2015.

21. Plaintiff has met all conditions precedent to coverage under the aforementioned policy issued by Defendant Artisan, or they have been excused by Defendant Artisan.

22. With Defendant Artisan providing consent for the Plaintiff to accept the tortfeasor's "policy limits offer," the contractual provisions of Defendant Artisan's Uninsured/Underinsured coverage were triggered, giving Plaintiff the right to seek underinsured motorist coverage under the Artisan contract of insurance.

23. The Plaintiff has fully settled his claim with the tortfeasor for the applicable limits of the tortfeasor's bodily injury policy, and has released the tortfeasor from any further liability in this matter, all with the knowledge and consent of Defendant Artisan.

24. Upon information and belief, the tortfeasor is underinsured pursuant to the terms of Defendant Artisan's policy, and as such, the Plaintiff is entitled to recover from Defendant Artisan for his damages under the Artisan policy.

25. The parties to this contract of insurance are in need of a declaration of each party's rights and obligations with respect to the applicable coverages and to determine the Plaintiff's economic and non-economic damages under the contract.

WHEREFORE, the Plaintiff prays for relief as follows:

1. Judgment in Plaintiff's favor in an amount which will fully and adequately compensate him for his physical injuries, present and future, along with all of economic and non-economic damages, all in an amount in excess of seventy-five thousand ($75,000.00) dollars.

2. Costs, pre-and post-judgment interest, Pre-judgment interest calculated back to the date of loss and calculated upon the verdict or damages value determination, pre-judgment interest merged with the verdict or damages value determination for purposes of any judgment and calculation of post judgment interest on the total amount of the verdict or damages value determination and merged pre-judgment interest, declaratory relief and/or judgment, and any other relief to which the Plaintiff is entitled.

        RESPECTFULLY SUBMITTED,

        WILLIS & WILLIS CO., L.P.A

By:   */s/ Matthew L. Rizzi, Jr.*
       MARK C. WILLIS, Attorney for Plaintiff
       OH Reg. No. 0037843; WV Reg. No. 4834
       MATTHEW L. RIZZI JR., Attorney for Plaintiff
       OH Reg. No. 0080773
       670 West Market Street
       Akron, Ohio  44303-1414
       (330) 434-5297
       Fax: (330) 434-5248
       mark@willislegal.com
       matt@willislegal.com

## **JURY DEMAND**

Plaintiff Nicholson hereby demands a jury trial on all issues pursuant to Fed. R. Civ. P. 38.

                                RESPECTFULLY SUBMITTED,

                                WILLIS & WILLIS CO., L.P.A.

*/s/ Matthew L. Rizzi, Jr.*_____
MARK C. WILLIS
OH Reg. No. 0037843; WV Reg. No. 4834
MATTHEW L. RIZZI JR.
OH Reg. No. 0080773
670 West Market Street
Akron, Ohio 44303-1414
(330) 434-5297
Fax: (330) 434-5248
mark@willislegal.com
matt@willislegal.com

Attorneys for Plaintiff,
STEVEN NICHOLSON